IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-343-D |
| ) | |
| LUIS OMAR LOZANO-ESPARZA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On August 23, 2022, United States District Judge Robin J. Cauthron sentenced Defendant Luis Omar Lozano-Esparza to a term of "36 months to run consecutively to the sentence imposed in McClain County District Court case CF-2021-180." *See* Judgment [Doc. No. 28]. The Judgment also stated that "[i]t is the Court's intent, however, that the defendant receive credit for the time he was held in federal custody via the Writ from March 24, 2022, through August 23, 2022, for a total of 5 months to be credited to the 36-month sentence." *Id.*

On May 19, 2023, Plaintiff filed an "Advisement to the Court," which included an attachment in the form of a letter from the Federal Bureau of Prisons ("BOP"). *See* [Doc. No. 32].[1] The letter from BOP notes that "the application of credit for March 24, 2022, through August 23, 2022, is contrary to 18 U.S.C. § 3585(b),[2] as this time has been credited

---

[1] As a result of Judge Cauthron's transition to inactive senior status, this matter was transferred to the undersigned at the time the "Advisement to the Court" was filed. *See* 5/19/2023 Order [Doc. No. 33].

[2] 18 U.S.C. §3585(b) provides:

against Mr. Lozano-Esparza's state sentence." *Id.*, Ex. 1 at 2. Accordingly, the BOP seeks "clarification concerning the application of credit not authorized by statute." *Id.*

Upon review, the Court directs BOP to disregard any portion of the Judgment in this matter to the extent that it conflicts with 18 U.S.C. § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). The remainder of the Court's Judgment [Doc. No. 28] remains in full force and effect.

**IT IS SO ORDERED** this 26th day of May, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.